Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ Southern _____ District of ___ Indiana. ___

_____ Evansville _____ Division

Case No.  3:26-cv-00003-MPB-CSW

_(to be filled in by the Clerk's Office)_

Peter D-Juan Dontrell Parker
_____
_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

Robert A. Kincaid
Indiana State Police Department
~~See Attach~~
_____
_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    Peter D-Juan Dontrell Parker

All other names by which

you have been known:            N/A

ID Number                           # 118570

Current Institution               Gibson County Jail

Address                               119 E. Brumfield Ave.

PRINCETON            IN.        47670
City                      State           Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                             Robert A. Kincaid II

Job or Title *(if known)*    Indiana State Police Trooper

Shield Number                 # 9981

Employer                         Indiana State Police Department

Address                          19411 U.S. Highway 41 North

Evansville          IN.        47725
City                   State          Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name                             Indiana State Police Department.

Job or Title *(if known)*

Shield Number

Employer                         State of Indiana

Address                          19411 U.S. Hwy. 41 North.

Evansville          IN.        47725
City                   State          Zip Code

☒ Individual capacity    ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

      Defendant No. 3

          Name

          Job or Title *(if known)*

          Shield Number

          Employer

          Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

      Defendant No. 4

          Name

          Job or Title *(if known)*

          Shield Number

          Employer

          Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

- SEE Attach -

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

II,    Basis for Jurisdiction.

Sec. B

Pg. 3    Claims

- Count 1 * Excessive Force as these officers used force that was objectively unreasonable under the Fourth Amendment.

- Count 2 * Monell Claim, as the Plaintiff believes the Indiana State Police have a policy/custom that led to the violations on 2/5/24

Count 3 * State Law Claims of: Battery, Negligence, intentional infliction of emotional distress.

II.    BAIS

SEC. B

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. _Both assisting officer and officer_

_Kincaid was on duty in full uniform, badge and driving Indiana State patrol vehicles acting in their official capasity as Indiana State Troopers._

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒     Pretrial detainee

☐     Civilly committed detainee

☐     Immigration detainee

☐     Convicted and sentenced state prisoner

☐     Convicted and sentenced federal prisoner

☐     Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_- See Attached -_

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

_N/A_

IV.

SEC. A

pg. 4

On Febuary 2, 2024, at approximately 5:27 p.m., I Peter D-Juan Dontrell Parker, was traveling north on U.S. hwy. 41. In front of my vehicle also traveling on U.S. hwy 41 was a Indiana State Police vehicle. As I approach the 20 mile marker, I observe a traffic sign that said "Stay to your right unless passing." At this time I signaled my right turn signal and merged into the right lane. After a few seconds or so I'm now coming upon the 20.5 mile marker just before entering Fort Branch, I observe another traffic sign that gives a new speed limit of 35 mph. As my vehicle slows down, the state police vehicle shoots forward, that made it looks as if he was now speeding. Out of no where the state police vehicle slams on its brakes in the middle of the road, causing the vehicle behind it to swerve into the right lane towards my vehicle. I then swerved to the right to avoid being hit. After regaining control of my vehicle I now pass the state police vehicle. The State Police vehicle then jumps behind my vehicle in the right lane. and hit its emergancy lights signaling me to pull over. I then pull over coming to a complete stop at the 20.5 mile marker, just out side of Fort Branch.

The Indiana State Trooper Kincaid (officer Kincaid) approaches my driver window. I asked officer Kincaid, "What seems to be the problem officer". Officer Kincaid replies with a question, "Can I see your license and registration?" I hand him my license and asked permission to retreive my registration. Officer Kincaid replied yes, and he walks back to his patrol vehicle.

## Statement of Claim

Officer Kincaid return minutes later and hands me my license back. At this time I hand him my registration, and he retund to his patrol vehicle. A few minutes later officer Kincaid returns and ask me do I have a more resent registration because he just then noticed that my plate was expired and his computer is showing that an up date/ plate and registration renewal was done not long ago. I then searched my glove box for the most resent registration and hand it to him, and again he returned to his patrol vehicle. Officer Kincaid returns to my vehicle hands me back my registration and asked me to step out of my vehicle to preform a field sobriety test. I agreed and exited my vehicle.

After the test had been completed, officer Kincaid asked me to put my hands behind my back. I then asked him why? officer Kincaid replied that I was under arrest. I then asked him, "what am I being arrested for? and he replied "OWI". I then asked him what is OWI? Officer Kincaid replied "Operating While Intoxicated". I then looked officer Kincaid in the face and told him "I'm not Drunk!" Another trooper was in my vehicle searching. The assisting Trooper stands up and yells "I don't smell any alcohal!" Officer Kincaid then asked me will I consent to a chemical test? I responded "you mean a breathalizer"? Officer Kincaid replied, "No" a chemical test. I then asked officer Kincaid, "(you want me to give you blood, Salava, or urin right here on the side of the high way?)" officer Kincaid replied "yes". I then replied "No" you can go get your warrent.

Officer Kincaid becomes angry and swings me by my right arm to the ground. My head hits the ground first breaking my fall. The force from

officer Kincaid was so great my body was still moving forward, rolling over top of my head as my head rolled under my body and into my chest. Officer Kincaid nows straddles my lower back and pushes my back into a forward roll acting as if my body was a tire, while saying "stop resisting." With each push of my back my head rolls further under my body which was now cutting off my air way. I tried to inform officer Kincaid that I could not breath, but he continued putting pressure on me by applying his full body wieght with each push. I then placed my hands palms flat on the ground to ease some of the pressure off my neck so that I can breath. At this time the assisting trooper grabs my left wrist and covers my left elbow with his other hand. The assisting trooper pulls my wrist and apply pressure on my elbow by pushing my elbow. After a few pulls of my left wrist my left arm hyper extends by bending in the oppisit direction. At this time my body falls further forward and a sharp knife like pain shoots down the back of my neck as my head now is lodged deep within my chest cutting off all my air supply completely. To get officer Kincaid to stop I agreed to what ever he said, if I had not done so I may have died that evening. I was cuffed and pulled to my feet. I look down and noticed I've urinated do to the pain I felt. I was walked to the rear of my vehicle where a higher ranking trooper stood. Officer Kincaid then says to me "Now I don't have to request permission to search my vehicle. The higher ranking trooper asked me if I was hurt and I replied yes. The trooper then requested another trooper transport me to the E.R. to be checked out, before transporting me to jail.

Once I've reached the E.R. I stood up to exit the patrol vehicle I noticed that urin was not the only problem I had. During the pain that shot through my body during this altercation, it was most evident that my bowls had also released as well. After seen at the E.R. I was transported to Gibson County Jail.

I affirm under the penalties for perjury that the foregoing representations are true to the best of my knowledge.

Respectfully Submitted.

Peter D-Juan Dontrell Parker #118570
119 E. Brumfield Ave.
Princeton, IN. 47670.

Date:

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

Febuary 5th, 2024 at on or about 5:25 p.m.

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

- SEE Attach -

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

- SEE Attach -

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

- SEE Attached -

IV.        Statement of Claim - Underlying Facts.
Sec. D

pg. 5      Facts underlying my claim:

1. On 2/5/24 I was traveling north on U.S. Hwy 41 when I was
   stopped by Indiana State police officer Kincaid.

2. I preformed a field subriety test.

3. After I completed the test a seires of questions are asked by
   the plaintiff, and officer aske will the Plaintiff consent to a chemical test.

4. After the plaintiff denied a chemical test because officer Kincaid
   responded that this chemical test would be done on the side of the
   high way, Mr. Parker was slammed on the ground head first causing
   the rest of his body to roll forword over his head.

5. Officer Kincaid applies pressure by appling his body weight each
   time he pushed causing the plaintiff lose acess to his air way.

6. The assisting officer hyper-extend the plaintiffs left arm while
   officer Kincaid continues to add pressure as the plaintiff gasp for
   air, as pain shoots down the back of his neck and left arm.

7. The plaintiff was cuffed and taken to the nearest E.R. due to
   injuries. Due to the plaintiffs injuries that cause his bows and urin
   to release during the violation, Mr. Parker was devistated, humiliated,

and in great pain, as he felt so ashame to let the nurse check him
out so he was sent on to jail immedeatley after.

8. About 30 minutes or so later the plaintiff post bail and went home
to shower then imexedeatley went to Mercy Urgent Care to be seen.
I was told to see my private doctors.

9. After seeing my private doctors I was sent to Deconess E.R.

10. After being seen I was told to see a Neuro Surgon

11. The plantiff suffers from ruptured disc on the left side of his
neck with nerve damage in his neck down to his left arm and
hand.

12. The plaintiff under went surgery on his neck on 3/13/24 and
surgery on his left elbow on 6/6/25. The plaintiff will most
likely have 1-2 more surgery in the near future due to nerve damage
which prohibits him from moving his neck in certin motions and
not being able to feel nor use his fingers on his left hand.

13. The actions of the defendants were willful, malicious and in
reckless disregard of Plaintiffs State and Constitutional rights.

V.     INJURIES:

PS. 5

1. The Plaintiff suffered a, Foraminal Disc Herniation at C7-T1 on the left of his C8 radiculopathy. As a result of his injury the Plantiff under went surgery on 3/13/24. Dr. Eric A. Goebel, M.D. performed a C7-T1 Foraminotomy.

2. The Plaintiff also suffered a classic neuropathy symptoms in his left arm and hand. As a result of his injury the Plaintiff under went surgery on 6/6/25. Dr. Eric A. Goebel, M.D. performed a left ulnar nerve decompression at the cubital tunnel on the Plaintiff's left elbow.

3. The Plaintiff suffers from, Emotional Distress, Physical Distress Post-Traumatic Distress, Mental Distress, and Enhanced Emotional Trauma, Night Terrors and psychological anguish

4. As a result of the Plaintiffs injuries he had to have two surgeries which left him with life long injuries, scares, and disabilities.

5. Physical Distress resulting from conditions of confinment while incarce-rated.

6. Plaintiff has been seen by psycologist and placed on psych-meds.

VI.  Relief:

pg. 5

WHEREFORE, Plaintiff Respectfully Request that this Court enter judgment in his favor and against Defedant(s), jointly and severally and award the following:

A. Compensatory Damages in the amount of, $ 19,130,750

B. Punitive Damages against the following; Defendants:

1. Indiana State Trooper, Robert A. Kincaid II. In the amount of $1,000,000 for willful misconduct, deterrence.

2. Indiana State Police Department, in the amount of $3,000,000 for Institutional Failure, Training Negligence and deterrence.

Total Punitive Damages $4,000,000
Grand Total in Damages $23,130,750

C. Additional Relief:

Pre-and-Post judgment interest
Cost of Suit
Any other relief the Court deems just and Proper.

Respectfully Submitted

Peter D-Juan Dontrell Parker.
Date:

## Damage Breakdown

Compensatory Damages:

- Loss of wages, 18 months lost income plus future earning capacity. $ 450,000

- Financial Debt, Accured due to inability to work, late fees, credit damage. $ 75,000

- Neck Surgery, (C7-T1) Foraminal Disc Herniation Repair, hospital stay, rehab. $ 150,000

- Ulnar Nerve Surgery, Cubital Tunnal Release, post-op therapy $ 85,000

- Life long Scars, disfigurement, cosmetic impact, psychological toll. $ 450,000

- Permanent Disability, loss of function, mobility, future care cost $ 5,000,000

- Pain-and-Suffering, Chronic pain, daily limitations, loss of enjoyment. $ 5,000,000

- Emotional Distress, Anxiety, Depression, Humiliation. $ 350,000

- Physical Distress, On going physical limitations, Fatigue, Nerve pain. $ 2,000,000

2-of-3
~~2-of-3~~

- Mental Distress, Cognitive Strain, Insominia, trauma-Related symptoms. $300,000

- PTSD, diagnosed condition, therapy, medication, impact on life. $450,000

- Enhanced Emotional Trauma, Due to public Humiliation, betrayal by Law Enforcement. $1,000,000

- Loss of Personal Property and Family Heirlooms, irreplaceable items, Sentimental value. $250,000

- Loss of Fully Furnished Apartment, Furniture, Electronics, Appliances, Deposits, Past Due Rent. $85,000

- Loss of vehicle. $30,000

- Medical Bills - Surgeries, M.B.I, CAT-SCAN, Hospital Stays, Prescriptions, Therapy. $300,000

- Bail Fees $750.00

- Attorney Fees and Cost $75,000

- Dafimation of Character, Reputational Harm, Loss opportunities, Public perception. $1,000,000

- Loss of Future Opportunities, Career derailment, Educational set back $350,000

3. of - 3

2 of 3

- Loss of Consortium, Strain on Family Relationships, isolation
$500,000

- Relocation-and-Rebuilding Cost, Moving, Reestablishing Home
$100,000

- Chained, Shakled and Transported to Plaintiff's private doctor
Resulting in Public Humiliation. $1,000,000

- Serveillance-and-Harassment, On going fear, privacy invasion
$150,000

Total Compensatory Damages $19,130,750.

Punitive Damages:

- Indiana State Trooper, Robert A. Kincaid II. $1,000,000

- Indiana State Police Department, $3,000,000

Total Punitive Damages. $4,000,000

Grand Total in Damages $23,130,750

Respectfully Submitted

Peter D-Juan Dontrell Parker

Date:

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

$N/A$

2.    What did you claim in your grievance?

$N/A$

3.    What was the result, if any?

$N/A$

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

$N/A$

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

Violations took place out side the facility.

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I filed a Tort Claim Notice

pursuant to Indiana Tort Claims Act, I.C. 34-13-3-0.1 to the

Attorney Generals office at 302 W. Washington St, Indpls, IN. 46204

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)
    Defendant(s)

2.  Court *(if federal court, name the district; if state court, name the county and State)*

3.  Docket or index number

4.  Name of Judge assigned to your case

5.  Approximate date of filing lawsuit

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition.

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        N/A

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)

Defendant(s)

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

4.    Name of Judge assigned to your case

5.    Approximate date of filing lawsuit

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff        *Peter D Zuun Dantell Park*
Printed Name of Plaintiff     *PETER D-JuaN DoNtrell PaRKer*
Prison Identification #        *# 118570*
Prison Address                 *119 E. Brumfield Ave.*
                               *PRiNceton*          *IN.*        *47670*
                               City             State       Zip Code

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                               City             State       Zip Code
Telephone Number
E-mail Address

Page 11 of 11

Peter D Swan Dontrell Parker #18570
119 E. Brumfield Aive
Princeton, IN. 47670

The Office Of The
Clerk of The U.S District Court
105 U.S. Court House
46 East Ohio Street
Indianapolis, IN. 46204

FILED

JAN 02 2025

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

FILED

JAN 02 2026

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA